**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARRY HAMILTON, *et al.*, | | No. 4:19-CV-01517 |
| Plaintiffs, | | (Judge Brann) |
| v. | | (Magistrate Judge Carlson) |
| LANCE HAMILTON, *et al.*, | | |
| Defendants. | | |

## <u>ORDER</u>

### JANUARY 30, 2020

Harry Hamilton and Harry E. Hamilton filed this civil rights complaint alleging that several individuals and entities violated their rights.[1]  Because it appeared that Plaintiffs failed to serve Defendants with the complaint, on September 5, 2019, Magistrate Judge Martin C. Carlson issued an Order directing Plaintiffs to serve Defendants or show cause as to why the complaint should not be dismissed.[2] Plaintiffs did not respond to this Order or serve Defendants.  Accordingly, on December 12, 2019, Magistrate Judge Carlson issued a Report and Recommendation recommending that this Court dismiss the complaint without prejudice for failure to timely serve Defendants or, alternatively, for failure to include a short and plain statement of their claim, in accordance with Fed. R. Civ. P. 8.[3]

---

[1]  Doc. 1.

[2]  Doc. 6.

[3]  Doc. 7.

Plaintiffs filed a motion for reconsideration of the Report and Recommendation, which the Court construes as a belatedly-filed objection to the Report and Recommendation.[4] Where no timely objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[5] However, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[6] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[7]

Even after conducting a de novo review of the Report and Recommendation, the Court finds no error in Magistrate Judge Carlson's recommendation that the complaint be dismissed without prejudice. Specifically, the Court concludes that Plaintiffs failed to timely serve Defendants, and no good cause exists to excuse that failure to serve.

---

[4] Doc. 8.

[5] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[6] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Fed. R. Civ. P. 4(m) requires that a plaintiff serve the defendants "within 90 days after the complaint is filed." If a plaintiff fails to timely serve a defendant, courts may "dismiss the action without prejudice against that defendant" or grant an extension of time unless the plaintiff shows good cause for the failure to timely serve a defendant, in which case an extension of time must be granted.[8]

The United States Court of Appeals for the Third Circuit "'ha[s] equated good cause with the concept of excusable neglect, which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"[9]

> The factors a court should consider in evaluating whether good cause exists are: (1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed.[10]

After reviewing the relevant factors, the Court concludes that Plaintiffs have not shown good cause for their failure to serve Defendants. As to the first factor, Plaintiffs' efforts to effect service have been deficient. Indeed, Plaintiffs appear to have taken no efforts at all to serve Defendants, even after they were explicitly warned that failure to serve Defendants may result in the dismissal of their

---

[8] Fed. R. Civ. P. 4(m).

[9] *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995) (ellipsis omitted)).

[10] *Id.*

complaint.[11]  Harry Hamilton asserts that the failure to serve Defendants should be excused because he frequently forgets about his mail and believed that he would need to pay a United States Marshal to serve Defendants.[12]  This is, in the Court's view, not a reasonable explanation for that failure.

With regard to the second factor, prior to the issuance of Magistrate Judge Carlson's Report and Recommendation, Plaintiffs never moved for an extension of time to serve Defendants, even after they were warned that failure to timely serve Defendants could result in dismissal of their complaint.  As to the third factor, Defendants have likely suffered some prejudice from Plaintiffs' failure to timely serve the summons and complaint.  The event that forms the basis of Plaintiffs' complaint occurred in March 2018,[13] and the lapse in time between that event and this date has likely resulted in "the inevitable dimming of witnesses' memories."[14]  This, in turn, hinders Defendants' ability to defend against the allegations.

Finally, any action against Defendants is likely not barred by the statute of limitations, as "[t]he statute of limitations applicable to [civil rights] claims in Pennsylvania is two years,"[15] and the event of which Plaintiffs complain occurred approximately 22 months ago.  Thus, all four factors militate in favor of finding no

---

[11]  *See* Doc. 6.
[12]  Doc. 8 at 3-4.
[13]  Doc. 1 at 5.
[14]  *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 80 (3d Cir. 2012).
[15]  *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

good cause for Plaintiffs' failure to serve Defendants, and the Court finds it appropriate to dismiss the complaint without prejudice.

The Court further notes that the complaint—in its current form—does not adequately apprise Defendants of the claims against them and would therefore be subject to dismissal pursuant to Federal Rule of Civil Procedure 8. Moreover, the complaint is sufficiently addled to cause the Court to question whether Plaintiffs have any viable claims. Should Plaintiffs file a new complaint, they are strongly urged to revise said complaint and present any facts and claims in a clear and coherent narrative. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 7) is **ADOPTED**;

2. Plaintiffs' motion for reconsideration (Doc. 8) is **DENIED**;

3. Plaintiffs' complaint (Doc. 1) is **DISMISSED** without prejudice;

4. Plaintiffs' motion for a permanent injunction is **DENIED** as moot; and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge